## 39701. NICHOLSON v. HARRISON et al.

EBERHARDT, Judge. Where the holder of a bill of sale to secure debt on crops foreclosed it as a mortgage, and placed the execution in the hands of the sheriff, who notified tenants of the defendant in fi. fa. that the crops, then being gathered, were under levy, and likewise notified mills to which the corn and peanuts were being transported for sale though making no actual seizure of the crops and making no entry of levy on the fi. fa., and where the owner of the lands on which the crops were grown sued out a distress warrant for rent and placed it in the hands of the sheriff, who made an entry of levy thereon as to a portion of the crops, though no actual seizure thereof; and where thereafter the landlord brought a petition to the City Court of Cairo, wherein the foreclosure and distress warrant were pending, in the nature of a money rule against the sheriff, the plaintiff in the foreclosure proceeding and against the two mills where the corn and peanuts had been delivered, and where the court directed the mills to pay into the registry of the court the proceeds from the sale of the corn and peanuts and thereafter entered a judgment directing disbursement of the funds, first to the landlord, then to the payment of costs and the balance to the holder of the bill of sale to secure debt. *Held:*

Although there was no actual seizure of the corn and peanuts by the sheriff, and although they were sold through the mills to which they had been delivered without any judicial process, and although the proceedings were in the City Court of Cairo, having no equity jurisdiction, all parties having acquiesced in the sale of the crops and the payment of the

proceeds into the registry of the court, the matter will be treated as though the crops had been sold at a judicial sale. Under those circumstances it is well settled that the lien of the landlord for rent is superior to the claim of the holder of the bill of sale to secure debt and there was no error in the judgment fixing priority in the disbursement of the funds. *Code* §§ 61-203, 67-1105.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*

DECIDED SEPTEMBER 21, 1962—REHEARING DENIED OCTOBER 2, 1962.

*Willard H. Chason,* for plaintiff in error.
*Bell & Barker, R. A. Bell,* contra.